UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PRISCILLA CHAVOUS,

                Plaintiff,

v.                                                                                    5:25-cv-00935 (AMN/TWD)

HOUSING VISIONS UNLIMITED INC.,

                Defendant.

---

**APPEARANCES:**                                                          **OF COUNSEL:**

**PRISCILLA CHAVOUS**
139 Maple Terrace
Syracuse, New York 13210
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

### I.     INTRODUCTION

On July 16, 2025, plaintiff *pro se* Priscilla Chavous ("Plaintiff") commenced this action against defendant Housing Visions Unlimited Inc. ("Defendant"), asserting numerous causes of action. Dkt. No. 1. Plaintiff sought and received leave to proceed *in forma pauperis*. Dkt. No. 8 at 1.[1] On October 2, 2025, Plaintiff filed an amended complaint. Dkt. No. 7 ("Amended Complaint").

This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks, who reviewed the Amended Complaint pursuant to 28 U.S.C. § 1915 and, on October 14, 2025,

---

[1] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

recommended that the Amended Complaint be dismissed without leave to amend. Dkt. No. 8 ("Report-Recommendation"). Magistrate Judge Dancks advised that pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 15-16. On October 22, 2025, Plaintiff filed objections. Dkt. No. 9.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

**II.     STANDARD OF REVIEW**

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b) advisory committee's notes to 1983 addition). Similarly, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error. *O'Diah v. Mawhir*, No. 08-cv-322, 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim); *Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases).

"When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III.   DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which no party has raised a specific objection, finding no clear error therein, including the background and the legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision.

The Amended Complaint is Plaintiff's fourth attempt to articulate legally cognizable claims against Defendant in federal court. As Magistrate Judge Dancks detailed, Plaintiff's initial complaint was reviewed and dismissed several years ago in a prior action. Dkt. No. 8 at 3-4; *see also Chavous v. Housing Visions Unlimited Inc. et al.*, Case No. 22-cv-00811 (N.D.N.Y.) ("*Chavous I*"). Plaintiff's amended complaint was subsequently reviewed and dismissed, judgment was entered, and *Chavous I* was closed. Dkt. No. 8 at 4-5. Plaintiff commenced the instant action more than two years later. *Id.* at 5.

Magistrate Judge Dancks examined Plaintiff's most recent allegations in connection with her residence and Defendant's purportedly unlawful conduct. *Id.* at 5-6. Magistrate Judge Dancks first determined that res judicata bars Plaintiff's claims because *Chavous I* involved an adjudication on the merits, also involved Defendant, and further involved the same relevant facts from which Plaintiff's current claims arise. *Id.* at 7-9. In the alternative, Magistrate Judge Dancks determined that Plaintiff had failed to state any federal claim, and that the exercise of federal jurisdiction over any state law claim was not appropriate. *Id.* at 10-14. Finally, Magistrate Judge Dancks found that granting leave to amend so that Plaintiff could assert claims against Defendant for a fifth time would be futile. *Id.* at 14-15.

Plaintiff does not object to the Report-Recommendation's determination that res judicata bars her claims. *See generally* Dkt. No. 9. To the extent that Plaintiff's submission could be liberally construed to constitute a general objection to this determination, the Court finds no clear error in the Report-Recommendation's analysis or conclusion on the issue.

Plaintiff does object to a portion of the Report-Recommendation's alternative determination that she has failed to state a claim, but does so primarily by rehashing her allegations from the Amended Complaint. *Id.* at 2-3. Because this objection is conclusory, *O'Diah*, 2011 WL

4

933846, at *1, the Court need only review for clear error, and finds none on this issue. Plaintiff's objections to the Report-Recommendation's determinations regarding federal jurisdiction and further amendment are similarly conclusory. Dkt. No. 9 at 2-3; *Petersen*, 2 F. Supp. 3d at 228. The Court also finds no clear error in the Report-Recommendation regarding either of these issues. Plaintiff's remaining arguments are unpersuasive. *See, e.g.,* Dkt. No. 9 at 1-2.

In sum, following clear error review, the Court agrees with Magistrate Judge Dancks' findings for the reasons stated in the Report-Recommendation. As a result, the Report-Recommendation is adopted in its entirety.

## IV.  CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 8, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the Amended Complaint, Dkt. No. 7, is **DISMISSED without leave to amend**,

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules and close this case.[2]

**IT IS SO ORDERED.**

Dated: October 31, 2025
Albany, New York

_Anne M. Nardacci_
Anne M. Nardacci
U.S. District Judge

---

[2] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein.